UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANIXA VESSELS,**

  *Plaintiff*,

v.                                 Case No. SA-19-CV-01330-JKP

**PROSPECT AIRPORT SERVICES,
INC., UNITED AIRLINES, INC.,**

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment. *ECF Nos. 23, 27*. Plaintiff did not respond. Upon consideration, the Court concludes Defendants' Motion for Summary Judgment shall be **GRANTED**. Danixa Vessels's negligence cause of action is **DISMISSED WITH PREJUDICE.** The Clerk of Court is directed to **CLOSE THIS CASE**.

## Undisputed Facts

Plaintiff, Danixa Vessels, was diagnosed with a degenerative spinal condition of syringomyelia, or "untethered spinal cord" in 2006. Her degenerative medical condition caused the loss of her ability to ambulate or control muscles in her torso and lower limbs, which required her to use a wheelchair. Eventually, after multiple surgeries, Vessels became paraplegic.

In September 2017, Vessels traveled alone by air from San Antonio to Miami to consult with an orthopedic surgeon recommended by her San Antonio physicians. Following her return flight to the San Antonio Airport, and while she was in the jetway, Vessels fell from a transfer wheelchair while being assisted by Defendants' employees.

Vessels brought this suit alleging Defendants' employees committed negligence in their assistance in removing her from her airplane seat into a wheelchair. As a result of their negligent actions, Vessels alleges she sustained multiple injuries which diminished her condition and required surgery. During this litigation, the Court extended the Scheduling Order deadlines three times, including the deadlines for discovery and designation of expert witnesses. Vessels did not designate any expert witness. Defendants filed this Motion for Summary Judgment, to which Vessels did not respond.

## Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*,

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)(internal citation omitted).

A court may not grant summary judgment by default where the nonmovant does not respond. *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004) (*citing Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988) and *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985)). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden, and thereby shifted the burden. *See Austin v. Kroger Texas, L.P.*, 864 F. 3d 33326, 335 (5th Cir. 2017). In making its determination, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

## **Discussion**

Vessels admits in her Original Petition she is a paraplegic who suffers from medical conditions that existed prior to the alleged incident of negligence in September 2017 ("the incident"). Vessels alleges her injuries, which required surgery, and the associated damages result from the Defendants' employees' negligence, not her preexisting conditions. Defendants seek summary judgment on Vessels's negligence cause of action because Vessels cannot establish causation without expert testimony, and Vessels did not disclose any expert witnesses.

To establish a cause of action for negligence, a plaintiff must show "the existence of a duty, a breach of that duty, and damages proximately caused by the breach." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). To establish causation in a personal injury case, a plaintiff must prove the defendant's conduct caused an event which resulted in the plaintiff's compensable damages. *Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d 591, 601–04 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "[M]ere speculation or conjecture is not sufficient to establish a causal connection between a defendant's conduct and the plaintiff's injuries." *Scroggins v. United States*, No. 4:19-CV-163-O, 2020 WL 1862556, at *4 (N.D. Tex. Apr. 13, 2020). "A causal connection between a defendant's negligence and the specific injury for which damages are sought must be shown, and this causal connection will not be presumed from the mere occurrence of an accident. *Tyler Mirror & Glass Co. v. Simpkins*, 407 S.W.2d 807, 812 (Tex. Civ. App.—Tyler 1966, writ ref'd n.r.e.). "A jury may decide the required causal nexus between the event sued upon and the plaintiff's injuries when (1) general experience and common sense will enable a lay person fairly to determine the causal nexus, (2) expert testimony establishes a traceable chain of causation from injuries back to the event, or (3) expert testimony shows a probable-cause nexus." *Coastal Tankships, U.S.A., Inc.*, 87 S.W.3d at 603. Accordingly,

when "[g]eneral experience and common sense simply do not enable a fair understanding of causation…expert testimony is required." *Id.*

Defendants provide summary judgment evidence of Vessels's medical records. These medical records and the undisputed facts demonstrate Vessels's extensive history of thoracic spinal disease, multiple corrective surgeries, her degenerative condition, and related inability to ambulate. *ECF No. 23, App. pp. 11-15; ECF No. 1, Exh. 1, pp. 2-3*. The summary judgment evidence reveals Vessels's physician, Dr. Green, performed surgery on her thoracic spine in September 2018, more than a year after the incident that gave rise to this lawsuit. *ECF No. 23, App. pp. 11-15*. At the time, Dr. Green's medical report noted Vessels had a history of thoracic spinal cord disease after being diagnosed with cord hernia and untethered spinal cord. Dr. Green notes the extensive history of surgeries to treat Vessels's condition and stated Vessels "ended up being a complete paraplegic now with increasingly intractable pain." *Id*. Dr. Green's medical records did not include reference to the incident.

In her Responses to Interrogatories, Vessels states the alleged injuries she suffered are "severe pain throughout my neck, back and my legs," "lost control of my bladder and bowel in the months following this incident," "lost almost all control over the muscles in my abdomen and torso," "the tube placed in my spine to drain the syrinx was displaced," and a "changed condition in my spine.". *Id. at p. 4*. These undisputed facts and the summary judgment evidence presented show these conditions of severe pain and loss of muscle control existed to some extent prior to the incident and show Vessels's condition was degenerative.

None of the medical records presented indicate the incident was the cause of the alleged injuries or that the September 2018 surgery was required as a result of the alleged incident. Vessels stated in her Responses to Interrogatories: "I am not a medical doctor and am not able to de-

5

scribe the specific medical nature of my injuries. I defer to my medical records for the specific description of the medical treatment and the conditions diagnosed and treated following this incident. I will describe as well as I am able in my own words what I believe to be the injuries I suffered due to the accident." *ECF No. 23, App.* p. 04. Based upon this summary judgment evidence, a jury cannot determine causation based upon "general experience" or "common sense." Therefore, expert testimony is required to establish Vessels's alleged injuries were caused by the incident, and not her pre-existing conditions. *See Coastal Tankships, U.S.A., Inc.*, 87 S.W.3d at 603.

Vessels's deadline to disclose expert witnesses was extended and passed on May 28, 2021, and discovery closed on August 16, 2021. Vessels failed to disclose any expert witnesses, most importantly, an expert witness to establish causation. As a result, Defendants satisfied their summary-judgment burden by demonstrating the absence of facts and evidence to support this essential element of Vessels's negligence cause of action. Vessels failed to respond to raise a genuine dispute of material fact. When expert testimony is required to establish causation, and the plaintiff offers no expert testimony on causation or fails to designate an expert to opine on causation, summary judgment is appropriate. *E.g.*, *Scroggins,* 2020 WL 1862556, at *4; *O'Bryant v. Walker County*, No. H-08-1880, 2009 WL 3073924, at *6 (S.D. Tex. Sept. 21, 2009).

## Conclusion

For the reasons discussed, Defendants' Motion for Summary Judgment is **GRANTED,** such that Danixa Vessels's negligence cause of action is **DISMISSED WITH PREJUDICE.** This is the only cause of action asserted. Therefore, the Clerk of Court is directed to **CLOSE THIS CASE**.

It is so ORDERED.
SIGNED this 6th day of October, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE